## Follmer v. Shamokin & Edgewood Electric Railway Company.

*Negligence—Street railways—Violation of borough ordinance—Collision between street-car and fire-truck—Evidence—Practice, C. P.—Act of May 14, 1915.*

1. The violation of a borough ordinance is not, *per se*, negligence. Such ordinances are evidentiary matters to be considered with all other testimony in the case as bearing upon the question of negligence in the operation of street-cars and vehicles on the public highways.

2. Where a fire ordinance is in existence and the persons operating and using the streets during a fire have knowledge of such ordinance or ordinances, they are properly admissible as bearing upon the relative duties which the parties owe to each other at the time of the happening of an accident.

3. In an accident case against a street railway company for the death of a fireman riding on a fire-truck, the failure to prove a particular borough ordinance set forth in plaintiff's statement of claim does not preclude plaintiff from offering other ordinances not referred to in the statement, but which relate to the operation of street-cars and other vehicles on the contingency of fire.

4. Where a statement of claim in an accident case discloses a general allegation of negligence, the defendant is bound to anticipate any negligent act which may be set up by the plaintiff.

5. Where the allegations in such statement are general, and the defendant proceeds to trial without having invoked the procedure of the Practice Act of May 14, 1915, P. L. 483, to have the issues concisely and definitely determined, the plaintiff is permitted to set up any act of negligence of the defendant contributing to the accident.

6. Where a fireman is injured in a collision of the truck in which he was riding with a street-car and suit is brought against the street railway company, it is proper to admit in evidence, on the question of due care, the instructions received at the hose-house by the members of the fire company with reference to the relative rights of the fire apparatus and other vehicles on the street.

7. In such a case, it is proper to admit evidence of a custom of firemen in riding in what is known as the basket of the truck.

8. Such testimony is competent, for the reason that firemen on a fire-truck on its way to a fire occupy positions which, under other circumstances, would make them guilty of contributory negligence.

*Negligence—Damages—Carlisle Tables—Remarks of counsel.*

9. Where the age, health, habits and occupation of a person killed in an accident have been shown, Carlisle Tables are of some aid and assistance to the jury in determining the damages.

10. Where, in such case, there is testimony as to the deceased's age, habits of industry, earning power, longevity of his parents, the character of his work, and the probable continuation of his life, it is permissible for counsel for the plaintiff to argue that the deceased might have been of use to his family for a specified period of years.

*Negligence—Verdict for plaintiff—Motion for judgment n. o. v.—Evidence.*

11. Where, in an accident case, a verdict has been rendered for plaintiff, the court, in passing upon a motion by defendant for judgment *n. o. v.*, must read the evidence in the light most favorable to the plaintiff and give the latter the benefit of every fact and inference therefrom which may be legitimately drawn in his favor under the evidence.

Motions for judgment *n. o. v.* and for a new trial. C. P. Northumberland Co., Sept. T., 1921, No. 364.

*J. A. Welsh* and *J. F. Schaeffer*, for plaintiff.

*C. B. Reimensnyder, F. B. Moser* and *Voris Auten*, for defendant.

STROUSS, P. J., June 20, 1924.—The plaintiff's husband was injured in a collision between a fire-truck, upon which he was riding, and a street-car of the defendant company, at or near the intersection of Chestnut and Shamokin Streets, in the Borough of Shamokin, from which injuries he subsequently died.

A verdict having resulted in favor of the plaintiff, the defendant has filed a motion for judgment n. o. v., and also a motion for a new trial.

The motion for judgment n. o. v. is based upon the action of the court in failing to limit the testimony of the plaintiff to the violation of the borough ordinance, referred to in the fourth paragraph of the plaintiff's statement. There is no such ordinance of the Borough of Shamokin, but there are two other ordinances relating to the operation of vehicles and street-cars upon the contingency of fire, and these latter ordinances were permitted to be admitted in evidence as bearing upon the due care of the plaintiff's decedent and the defendant upon the occasion of the accident. The violation of a borough ordinance is not, per se, negligence. Such ordinances are evidentiary matter, to be considered with all the other testimony in the case as bearing upon the question of the negligence of the defendant and the contributory negligence of the plaintiff's decedent, and where a fire ordinance is in existence, and the persons operating and using the street during a fire have knowledge of such ordinance or ordinances, they are properly admissible as bearing upon the relative duties the parties owe to each other at the time of the happening of the accident. The failure to prove the particular ordinance set forth in the fourth paragraph of the plaintiff's statement of claim did not preclude the plaintiff from offering other ordinances not referred to in the plaintiff's statement, but which related to the operation of street-cars and other vehicles upon the contingency of fire. There is no contention here that the defendant company had no knowledge of the fire ordinances of the Borough of Shamokin, requiring its employees to yield the right of way in the operation of its cars to fire apparatus during the contingencies of fire; indeed, it had by rule required the operators of its cars to yield such right of way, and of this rule the motorman upon the car in question had knowledge. The defendant contends that it had no knowledge that the speed of the car or the failure to give warning of its approach were issues in this case under the plaintiff's statement. An examination of the statement, however, discloses a general allegation of negligence, and the defendant was bound to anticipate any negligent act which might be set up by the plaintiff. The defendant was bound to know that recovery was not here sought solely on the ground of the violation of a borough ordinance, and was required, under the statement, to meet any allegation of negligence charged therein. Admittedly, the statement is not in conformity with the Practice Act of 1915. The defendant, however, did not endeavor to have the issues more definitely determined as provided by that act, but proceeded to trial in its indefinite form and sought upon the trial to limit the testimony relating to the defendant's negligence to a violation of the ordinance, referred to in the fourth paragraph of the statement of claim. Nor can the defendant be heard to say that it had no warning of the issue of speed being set up by the plaintiff, for, apart from the general allegation of negligence, the fifth paragraph of the plaintiff's statement referred to an ordinance regulating the speed of street-cars in the Borough of Shamokin. Negligence is the gist of the action, and where the allegations are general and the defendant proceeds to trial without having invoked the procedure of the Act of May 14, 1915, P. L. 483, to have the issues concisely and definitely determined, the plaintiff is permitted to set up any act of negligence of the defendant contributing to the accident.

We are, therefore, of the opinion that the testimony as to the fire ordinances, admitted in evidence, the speed of the car, and the failure to sound adequate warning, was properly admitted.

Follmer v. Shamokin & Edgewood Electric Railway Company.

The issues having been submitted to the jury and a verdict having been rendered in favor of the plaintiff, in passing upon the motion for judgment *n. o. v.*, the evidence must be read in the light most favorable to the plaintiff, the latter being given the benefit of every fact and inference of fact pertinent to the issues involved which may legitimately be drawn from the evidence, the following facts may be considered as established by the verdict, to wit:

1. That the fire-truck moved from the hose-house to the place of the accident at from five to six miles per hour.

2. That the truck upon which the decedent, Follmer, was riding was struck by the defendant's street-car, operated at a speed of from twenty to thirty-five miles per hour.

3. That the street-car gave no warning.

4. The fire-truck gave warning by its automatic gong, which could be heard at the point of one and one-half to two squares north of the point of the accident, a point passed by the car of the defendant company immediately before the collision.

5. That the fire-truck had the right of way upon this occasion.

6. The rules of the defendant company required its motormen to give the right of way to fire apparatus.

7. The conductor of the street-car knew of the alarm of fire, but never communicated that fact to the motorman.

8. That the fire apparatus reached the intersection of Shamokin and Chestnut Streets when the street-car was twenty-five to fifty feet north on Shamokin Street.

9. That the collision occurred at the point where the northern curb-line of Chestnut Street, if extended, would cross Shamokin Street. The fire-truck was struck at the left front wheel-hub with sufficient force that one man on the truck was thrown through the front window of the vestibule-car on to the platform, and the remaining occupants of the truck were thrown therefrom to the street; that Follmer, the plaintiff's decedent, was thrown to the street and his skull fractured, from which injury he died the next day.

10. The team of horses drawing the fire-truck was hired from Martz and McCullum, as was also the driver of the horses, Dominic Gillespie, by the fire company.

11. The fire company is a volunteer company, and the deceased, Martin Follmer, was a member thereof. Follmer rode in what is called the basket, with his back toward the driver; and that it was customary and usual for firemen in riding to a fire to ride therein.

12. Dominic Gillespie, the driver of the team, was not a member of the fire company or any other fire company of the Borough of Shamokin.

13. Follmer was not foreman of the company and had no control over the operation of the fire-truck. Follmer at the time of the accident was not facing the approaching street-car, but had his back toward it, and there is no evidence showing that Follmer knew of the approach of the street-car or that he failed to exercise due care for his safety, the presumption being in favor of his having done so.

We are, therefore, of the opinion that the motion for judgment *n. o. v.* must be denied.

In passing upon the reasons for a new trial, it is sufficient to state that the first and second general reasons have already been disposed of. The third reason is without merit, for the testimony established that from $175 to $200 per month was contributed to the maintenance and support of the decedent's

wife; that Follmer at the time of his death was thirty-five years of age, in good health, a man of good habits and industrious, with a possible life expectancy of thirty-one years.

As to the additional reasons for a new trial, the 1st, 2nd, 14th, 16th, 18th, 19th, 20th, 21st, 22nd, 26th, 27th and 28th are based upon the alleged error of the court in refusing to confine the plaintiff's right to recover to the violation of the non-existent ordinance set forth in paragraph four of the plaintiff's statement and in admitting testimony as to the speed of the defendant's car upon this occasion, and other ordinances of the Borough of Shamokin regulating the operation of street-cars and other vehicles upon fire contingencies. The complaint that the fire ordinances admitted in evidence are indefinite, uncertain and invalid is without force. We are not in this procedure required to pass upon the validity of the ordinances. It is apparent that the Borough of Shamokin undertook to regulate the operation of street-cars and other vehicles during periods of fire by ordinances giving the fire apparatus the right of way over street-cars and other vehicles, and that the purpose of the ordinances was fully understood by the defendant company and the witnesses called in the case cannot be denied. These reasons we have already disposed of in our disposition of the motion n. o. v.

The 3rd, 4th, 5th, 7th, 11th and 12th reasons relate to the admission of testimony as to the knowledge and source of knowledge of the firemen and the driver of the truck as to the fire ordinances of the Borough of Shamokin. These reasons are without merit. While the users of highways are charged with knowledge of the laws and ordinances relating to the use of the highways, yet actual knowledge of the existence of such ordinances is important in questions of negligence as bearing upon the question of due care and the assumptions which the user of the highway may rely upon. Speed in reaching the scene of the fire by fire apparatus is of public importance to prevent conflagrations, and the instructions received and gained at the hose-house by the various members, with reference to the relative rights of the fire apparatus and other vehicles, bore directly on the question of due care.

The 6th, 8th and 10th reasons relate to the admissibility of the testimony of certain witnesses with respect to the speed of the car. These reasons are without merit. These witnesses were competent to testify as to the speed of. the car; the weight and value of the testimony was for the jury.

The ninth reason relates to the admission of evidence on the part of Kravitz with reference to the custom of firemen riding in what was known as the basket on the truck. This testimony was competent, for the reason that firemen on a fire-truck on its way to a fire occupy positions which, under other circumstances, would be negligent, and the testimony here complained of bore upon the question of the contributory negligence of the decedent in occupying the basket, and it was, therefore, proper to show that this was the usual and ordinary place for firemen to ride.

The thirteenth reason relates to the admission of the Carlisle Tables as showing the probable continuation of life of the decedent. This reason is without merit. The Carlisle Tables are of some aid and assistance to the jury where the age, health, habits and occupation have been shown.

The fifteenth reason is without merit. The question was propounded under cross-examination of the witness, Campbell. The witness had testified he stopped his car from three to five minutes for Campion's car to pass on Market Street. The witness stated he was "not exactly guessing as to the time, but was using his judgment" thereon. The witness evidently was testifying as to what was usual, and the question as to what they did if the car was behind

time was important as bearing upon the value of his judgment on this question.

The seventeenth reason complains of the court's refusal to withdraw a juror and to continue the case because of the argument of Mr. Welsh, of plaintiff's counsel, to the jury upon the question of the present worth of the probable future contribution to the support of the plaintiff. This also is without merit. The argument was based upon the testimony in the case. There was testimony showing the contribution to the support of the decedent's family to the date of his death; there was testimony as to his age, habits of industry, earning power, longevity of the parents of the decedent, the character of work at which he was employed and the probable continuation of life of the decedent. With this testimony in the case, counsel for the plaintiff was within his rights when he argued that the plaintiff's decedent would probably have been of use to his family for a period of thirty-one years and might have continued to earn and contribute to the support of his wife and family that which he had contributed prior to and up to the time of his death. The jury were not misled by the argument nor in any way influenced thereby, as is shown by the reasonableness of the verdict under the testimony bearing upon this issue.

And now, to wit, June 20, 1924, the motion for judgment *non obstante veredicto* is overruled. An exception is noted and bill sealed for the defendant.

And now, to wit, June 20, 1924, the motion for a new trial is overruled.

From C. M. Clement, Sunbury, Pa.